# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

NOT FOR PUBLICATION

|  |  |
|---|---|
| VICTOR GONZALEZ, JR., | : |
|  | : |
| Plaintiff, | : Civil Action No. 16-8351 (SRC)(CLW) |
|  | : |
| v. | : OPINION |
|  | : |
| UNITED STATES DEPARTMENT OF TRANSPORTATION, JOHN DOE 1-10 and XYZ CORP. 1-10 (fictitious names for persons and/or entities as yet unidentified), | : |
|  | : |
| Defendants. | : |

**CHESLER**, District Judge

Plaintiff Victor Gonzalez, Jr.'s ("Plaintiff") brings this action under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1345(b), against Defendant United States Department of Transportation ("Defendant"). Now before the Court is Defendant's motion to dismiss Plaintiff's complaint for lack of subject matter jurisdiction, pursuant to Federal Rule of Civil Procedure 12(b)(1), or for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). (ECF No. 5.) Plaintiff opposes the motion. (ECF No. 8.) The Court has reviewed the parties' submissions and proceeds to rule without oral argument. See Fed. R. Civ. P. 78(b). For the reasons stated below, Defendant's motion will be granted.

## I.     BACKGROUND

The underlying matter arises out of an automobile accident that occurred on April 25, 2014, in Parsippany, New Jersey. (Compl. ¶ 9.) Plaintiff was heading eastbound on I-80, an interstate highway, when the vehicle that he was operating came into contact with "debris on the

highway." (Id.) Plaintiff alleges that he suffered injuries in the resulting collision. (Id. at ¶ 12.) He alleges that the accident occurred either on or near a portion of I-80 that was under construction. (Id. at ¶ 10.)

Plaintiff commenced the instant action in November 2016, asserting a single claim for negligence under Section 1346(b) of the FTCA. Plaintiff alleges that Defendant "owned, controlled, maintained, and supervised the construction zone and adjacent areas" where the collision occurred. (Id. at ¶ 12.) He further alleges that Defendant

> did not keep the construction zone in a safe condition; . . . did not exercise proper care; . . . caused a dangerous and hazardous condition to exist; . . . allowed a nuisance to exist; . . . failed to provide proper safeguards and/or warnings at the construction zone; . . . [and] failed to provide proper, safe, and clear access for persons allowed lawfully at or near the construction zone . . . .

(Id. at ¶ 11, 14.)

Defendant now moves to dismiss Plaintiff's claim against it pursuant to Rule 12(b)(1) or, alternatively, Rule 12(b)(6). Defendant argues, among other things, that it is not a proper defendant of Plaintiff's FTCA claim and that it is therefore immune from suit. (ECF No. 5-1, Memorandum of Law in Support of Defendant's Motion to Dismiss ("Def. Mov. Br."), at 7.)

## II.     LEGAL STANDARD

"The district courts of the United States . . . are 'courts of limited jurisdiction.'" Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552, 125 S. Ct. 2611, 162 L.Ed.2d 502 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, 114 S. Ct. 1673, 128 L.Ed.2d 391 (1994). "They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." United States v. Merlino, 785 F.3d 79, 82 (3d Cir. 2015) (quoting Kokkonen, 511 U.S. at 377)). Consequently, when a federal court finds that it lacks jurisdiction over an action, "the only function remaining . . . is that of announcing the

fact and dismissing the cause." Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94, 118 S. Ct. 1003, 140 L.Ed.2d 210 (1998) (quoting Ex parte McCardle, 74 U.S. (7 Wall.) 506, 514, 19 L.Ed. 264 (1869)); see Fed. R. Civ. P. 12(h)(3).

"As a sovereign, the United States is immune from suit unless it consents to be sued." White-Squire v. United States Postal Serv., 592 F.3d 453, 456 (3d Cir. 2010) (citing United States v. Mitchell, 445 U.S. 535, 538, 100 S. Ct. 1349, 63 L. Ed. 2d 607 (1980)); see United States v. Sherwood, 312 U.S. 584, 586, 61 S. Ct. 767, 85 L. Ed. 1058 (1941)). "Its consent to be sued must be 'unequivocally expressed,' and the terms of such consent define the court's subject matter jurisdiction." Id. (quoting Mitchell, 445 U.S. at 538).

Because "[s]overeign immunity is jurisdictional in nature," FDIC v. Meyer, 510 U.S. 471, 475, 114 S. Ct. 996, 127 L.Ed.2d 308 (1994), a motion to dismiss for reasons of sovereign immunity is properly brought pursuant to Rule 12(b)(1). Challenges to subject matter jurisdiction may be regarded as facial or factual. Gould Elecs., Inc. v. United States, 220 F.3d 169, 176 (3d Cir. 2000). Facial challenges "contest[] the sufficiency of the pleadings," S.D. v. Haddon Heights Bd. of Educ., 833 F.3d 389 n.5 (3d Cir. 2016) (quoting Taliaferro v. Darby Twp. Zoning Bd., 458 F.3d 181, 188 (3d Cir. 2006), whereas factual challenges contest the facts underlying a plaintiff's jurisdictional allegations, Constitution Party v. Aichele, 757 F.3d 347, 358 (3d Cir. 2014); Mortensen v. First Fed. Sav. & Loan, 549 F.2d 884, 891 (3d Cir. 1977). When reviewing a facial challenge, a court "must only consider the allegations of the complaint[,]" taken as true, "and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." In re Schering Plough Corp., 678 F.3d at 243 (quoting Gould, 220 F.3d at 176) (internal quotation marks omitted). In contrast, when reviewing a factual challenge, "a court may weigh and 'consider evidence outside the pleadings[,]'" Aichele, 757

3

F.3d at 358 (quoting (Gould Elecs. Inc., 220 F.3d at 176)), and "no presumptive truthfulness attaches to [the] plaintiff's allegations[,]" Mortensen, 549 F.2d at 891.

### III. DISCUSSION

"The FTCA operates as a limited waiver of the United States's sovereign immunity." White-Squire, 592 F.3d at 456. Through Section 1346(b), Congress waives sovereign immunity for

> claims against the United States, for money damages . . . for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

28 U.S.C. § 1346(b)(1). Because "the FTCA itself is the source of federal courts' jurisdiction to hear tort claims" brought under that statute, Section 1346(b) functions as both a waiver of sovereign immunity and a statutory grant of subject matter jurisdiction. CNA v. United States, 535 F.3d 132, 140 (3d Cir. 2008).

As Defendant notes, the United States "is the only proper defendant in a case brought under the FTCA." Id. at 138 n.2. Thus, a federal agency such as Defendant cannot be sued in its own name on a claim, such as Plaintiff's, that is cognizable under Section 1346(b). Meyer, 510 U.S. at 476; 28 U.S.C. § 2679(a). Consequently, this Court lacks subject matter jurisdiction over Plaintiff's claim against Defendant. Having determined this to be the case, the Court will dismiss Plaintiff's claim against Defendant on this ground.[1]

---

[1] Although the Court is compelled to dismiss Plaintiff's claim solely on the ground that it lacks subject matter jurisdiction over any claim against a federal agency brought under the FTCA, it notes that what appears to be Plaintiff's most plausible claim against the United States, the proper defendant, would face jurisdictional obstacles as well. In particular, to the extent that Plaintiff's negligence claim against the United States were based on the Department of Transportation's approval or funding of the construction project at issue, such claim seems likely to fall within the so-called discretionary function exception. See 28 U.S.C. § 2680(a); Merando v. United States, 517 F.3d 160, 164 (3d Cir. 2008). Through that exception, set forth in Section 2680(a), the United States retained

**IV.     CONCLUSION**

Accordingly, for the foregoing reasons, Defendant's motion to dismiss for lack of subject matter jurisdiction, pursuant to Fed. R. Civ. P. 12(b)(1), is GRANTED.  An appropriate order shall issue.

   /s Stanley R. Chesler
STANLEY R. CHESLER
United States District Judge

Dated: July 17, 2017

---

sovereign immunity in actions arising from a federal agency's or a government employee's performance of a "discretionary function," 28 U.S.C. § 2680(a), particularly if that agency's or employee's decision was "grounded in social, economic, and political policy."  Baer v. United States, 722 F.3d 168, 176 (3d Cir. 2013) (quoting United States v. Varig Airlines, 467 U.S. 797, 814, 104 S. Ct. 2755, 81 L. Ed. 2d 660 (1984)).  Here, the Department of Transportation Secretary's approval of funding for the construction project at issue would, on its face, appear to fall within this category.  Therefore, the Court may lack subject matter jurisdiction over such claim as well.